OCT 3 2025 PM2:47
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT

[District of Connecticut]

Clayton Samuel Wilson,
Plaintiff,
v.
TransUnion LLC,
Defendant.

Civil Action No.: _____
COMPLAINT — VERIFIED
JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action for damages, injunctive relief, and other relief arising from Defendant TransUnion LLC's unlawful failure to safeguard Plaintiff's highly sensitive personally identifiable information ("PII"), including Plaintiff's Social Security number, which was accessed/exposed during a security breach (the "Breach"). Defendant is a nationwide consumer reporting agency and owed Plaintiff duties to safeguard, secure, and keep confidential Plaintiff's PII. As a result of the Breach, Plaintiff has suffered or faces imminent risk of identity theft, mitigation costs, lost time, emotional distress, and other damages.

## PARTIES

Plaintiff: Clayton Samuel Wilson, a natural person and resident of Bridgeport, Fairfield, Connecticut. Plaintiff's SSN: [last four 4670], date of birth: 12/03/1992, and other identifying data are omitted here for privacy but will be provided under appropriate protective order to prevent further disclosure.

Defendant TransUnion LLC ("TransUnion") is a Delaware limited liability company that conducts business nationwide, including in Connecticut, and is a consumer reporting agency under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) because Plaintiff asserts claims under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., and under 28 U.S.C. §1332(d) (class claims) if asserted. The Court has supplemental jurisdiction over state-law claims under 28 U.S.C. §1367.

Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District (Plaintiff is a Connecticut resident who was impacted here), and TransUnion regularly does business in this District.

## FACTUAL ALLEGATIONS

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

At all relevant times, TransUnion collected, stored, maintained, and processed Plaintiff's highly sensitive PII, including name, date of birth, Social Security number, address history, and credit/consumer information.

On or about [DATE OF BREACH OR NOTICE], Plaintiff received actual notice that Plaintiff's PII was accessed or exposed in a security incident affecting TransUnion accounts/systems. Plaintiff's notice was in the form of [specify: mailed notice, email, press release, other—attach as Exhibit A]. (If you have no direct notice and only discovered fraudulent activity, substitute factual allegation accordingly.)

TransUnion failed to employ reasonable and industry-standard administrative, technical, and physical safeguards to protect Plaintiff's PII, including but not limited to: [examples — e.g., failure to encrypt stored SSNs, failure to patch known vulnerabilities, inadequate access controls, failure to monitor/limit third-party access — tailor factual detail to what you can prove].

As a direct and proximate result of TransUnion's failures, Plaintiff's Social Security number and other PII were accessed and likely exfiltrated by unauthorized third parties.

Plaintiff has suffered, is suffering, and will continue to suffer actual and imminent harm and injury, including but not limited to: (a) present and future risk of identity theft and fraud; (b) time spent mitigating harm (placing freezes, alerts, contacting banks/issuers); (c) out-of-pocket losses for identity-theft mitigation services and credit monitoring; (d) emotional distress, anxiety, and loss of privacy; (e) invasion of privacy; and (f) other consequential damages.

Plaintiff timely placed a security freeze / fraud alert on Plaintiff's credit reports with [Experian/Equifax/TransUnion] on [date], and/or has taken other mitigation steps, incurring expense and time.

Plaintiff demands damages, statutory remedies, attorneys' fees, costs, injunctive relief, and any other relief the Court deems just.

## CLASS ACTION ALLEGATIONS (if asserting)

Plaintiff brings this action individually and, alternatively, on behalf of a class defined as: All natural persons in the United States whose PII (including SSN) was accessed or exposed in the [DATE] TransUnion security incident. Excluded are Defendant, its officers, directors, affiliates, and counsel.

The class satisfies Rule 23(a) and (b)(3): common questions of law/fact predominate (e.g., whether TransUnion had reasonable data-security practices; whether TransUnion breached duties), and a class action is superior to individual prosecution.

CLAIMS FOR RELIEF
COUNT I — Negligence (State Common Law)

Plaintiff realleges paragraphs 1–15.

TransUnion owed Plaintiff a duty to protect Plaintiff's PII from unauthorized access and disclosure, to implement reasonable security measures, and to timely notify Plaintiff of any breach.

TransUnion breached that duty by failing to implement reasonable security measures described above.

As a proximate result, Plaintiff suffered damages as alleged.

COUNT II — Negligence Per Se (Violation of Connecticut Data Breach Statute)

Plaintiff realleges paragraphs 1–19.

Conn. Gen. Stat. §36a-701b requires entities that own, license, or maintain computerized personal data to take reasonable steps to secure such data and to notify Connecticut residents and the Attorney General upon a breach. TransUnion violated the statute by failing to secure the data and/or failing to provide timely notice. See Conn. Gen. Stat. §36a-701b.
Justia Law

Plaintiff is within the class of persons the statute intends to protect. The statutory violation constitutes negligence per se and caused Plaintiff's damages.

COUNT III — Breach of Implied Contract / Bailment (State Law)

Plaintiff realleges paragraphs 1–22.

By providing PII to TransUnion (directly or indirectly), Plaintiff entered into a relationship in which TransUnion impliedly promised to secure and protect Plaintiff's data. TransUnion breached the implied contractual duties by failing to secure the PII.

Plaintiff incurred damages as a direct result.

COUNT IV — Violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.)

Plaintiff realleges paragraphs 1–25.

The FCRA imposes duties on consumer reporting agencies to maintain reasonable procedures to ensure maximum possible accuracy and to limit dissemination of consumer report information in a way that harms consumers. TransUnion, as a consumer reporting agency, violated the FCRA by failing to maintain reasonable procedures to protect consumer data and by [specific violation as applicable, e.g., disseminating inaccurate or misleading information or failing to have

reasonable procedures to limit access]. See 15 U.S.C. §1681. Note: standing under the FCRA and Article III has been shaped by recent Supreme Court decisions. In particular, the Supreme Court held that only plaintiffs who have suffered a concrete injury have Article III standing to recover damages for statutory violations in private actions. TransUnion v. Ramirez, 594 U.S. ___ (2021).

Plaintiff alleges concrete injury in the form of [actual fraudulent charges / unauthorized accounts OR specific mitigation costs / demonstrable identity-theft-related harms / credible imminent risk of identity theft causing real measures taken], which satisfy the Supreme Court's requirement for concrete harm. (See Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) (standing requires concrete injury), and follow-on decisions such as TransUnion v. Ramirez).

Plaintiff requests all available relief under the FCRA, including statutory and actual damages, costs, and attorneys' fees.

COUNT V — Invasion of Privacy / Public Disclosure of Private Facts (State Law)

Plaintiff realleges paragraphs 1–29.

TransUnion's disclosure or failure to prevent disclosure of Plaintiff's intimate, highly sensitive PII (SSN) to unauthorized third parties constitutes public disclosure of private facts and invasion of privacy, causing emotional distress and other damages.

COUNT VI — Unjust Enrichment (State Law)

Plaintiff realleges paragraphs 1–31.

TransUnion has been unjustly enriched by collecting and maintaining Plaintiff's data while failing to appropriately safeguard it. Equity demands disgorgement of profits and restitution.

COUNT VII — Declaratory and Injunctive Relief

Plaintiff realleges paragraphs 1–33.

An actual controversy exists: Plaintiff seeks declaration that TransUnion's practices violated statutory and common-law duties and an injunction requiring TransUnion to improve security, offer extended credit monitoring, and institute other remedial measures.

DAMAGES

As a direct and proximate result of TransUnion's wrongful conduct, Plaintiff suffered and continues to suffer compensable injury, including but not limited to: out-of-pocket costs (credit monitoring, notarization, filing fees), time spent resolving and mitigating identity-theft risk, lost

productivity and income, emotional distress, increased risk of future fraud, and other direct/indirect damages.

Plaintiff seeks actual damages, statutory damages where available, punitive damages to the extent permitted by law, injunctive relief, costs, and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against TransUnion as follows:

A. Certification of this action as a class action (if applicable);
B. Appointment of Plaintiff as Class Representative and of undersigned counsel as Class Counsel;
C. Declaratory relief that Defendant's conduct violated the FCRA and state law;
D. Injunctive relief requiring Defendant to adopt and implement reasonable security measures and monitoring;
E. Actual damages according to proof;
F. Statutory damages where applicable;
G. Restitution and disgorgement of unjust enrichment;
H. Punitive damages;
I. Costs of suit, including attorneys' fees; and
J. Such other and further relief as the Court deems just and proper.

Request for Expedited Relief
Plaintiff respectfully requests this Court place this matter on an expedited docket due to the ongoing, irreparable harm suffered each day inaccurate and unlawfully reinserted credit data is published and sold to third parties, impairing Plaintiff's access to housing, credit, and employment. Courts have recognized credit reporting errors as irreparable harm warranting injunctive and expedited relief. See Sampson v. Murray, 415 U.S. 61 (1974); Matamoros v. Experian, 79 F. Supp. 3d 1277 (C.D. Cal. 2015).

JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

VERIFICATION

I, Clayton Samuel Wilson, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Clayton Samuel Wilson

UCC 1-308

111 GrandviewAve
Bridgeport CT 06606

EXHIBITS (Attach when filing)

Exhibit A — Copy of notice from TransUnion informing Plaintiff of the Breach (mail).

TransUnion Event
c/o Cyberscout
PO Box 1286
Dearborn, MI 48120-9998

TransUnion

PMEEEC00901358
CLAYTON S WILSON
111 GRANDVIEW AVE
BRIDGEPORT, CT 06606-2563

PMEEEC00901358013580102904000

September 9, 2025

**Notice of Data Incident**

To CLAYTON S WILSON:

We are writing to make you aware of a cyber incident involving unauthorized access to some of your personal data that was stored on a third-party application. Importantly, no credit information was accessed. We are providing details about the incident and about resources we are providing to assist you.

**What happened?**

We recently experienced a cyber incident involving a third-party application serving our U.S. consumer support operations. The unauthorized access includes some limited personal information belonging to you.

We regret any concern caused by this incident and take seriously the responsibility to help secure consumer information. Below you will find information on what we have done to prevent further improper access, as well as steps you can take to help protect your personal information.

**What information was involved?**

The information was limited to specific data elements and did not include credit reports or core credit information. In your case, the information involved included your SSN and DOB.

**What we are doing.**

TransUnion takes the protection of personal information seriously, which is why we engage in robust, proactive security measures. We continue to enhance our security controls as appropriate to minimize the risk of any similar incident in the future.

**What you can do.**

In response to the incident, we are providing you with access to credit monitoring services that will alert you whenever there is a change to your credit file. We are offering these services at no charge for 24 months from the date you enroll.

We are also providing you with proactive fraud assistance to help with any questions that you might have now or in the event that you become a victim of fraud. These services will be provided by Cyberscout, a TransUnion company specializing in fraud assistance and remediation services.

If you have any questions about this matter or would like additional information, please refer to the enclosed Steps You Can Take to Help Protect Your Personal Information or call toll-free 1-800-516-4700. This call center is open Monday through Friday from 8a.m.-8 p.m. Eastern Time, except major holidays.

Sincerely,

TransUnion Consumer Relations